# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

9277QB LLC,

              Plaintiff,

-against-

EVEREST NATIONAL INSURANCE COMPANY,

              Defendant.

Index No.

**SUMMONS**

Basis of Venue CPLR §503 (a)

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to appear and answer the annexed Verified Complaint of the Plaintiff, which is hereby served upon you, within twenty (20) days after thereof, exclusive of the day of service, or within thirty (30) days after service is complete if service is made by any method other than personal delivery to you within the State of New York.

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: Commack, New York
      September 7, 2022

Yours, etc.

_____
John N. Cuomo
Attorneys for Defendant/Third-Party Plaintiff
*9277QB LLC*
11 Fern Drive
Commack, New York 11725
(631) 403-0515

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

9277QB LLC,

        Plaintiff,

-against-

EVEREST NATIONAL INSURANCE COMPANY,

        Defendant.

Index No.

**VERIFIED COMPLAINT IN AN ACTION FOR A DECLARATORY JUDGMENT**

Plaintiff, 9277QB LLC ("9277"), by its attorney, John N. Cuomo, as and for its Complaint against the Defendant, EVEREST NATIONAL INSURANCE COMPANY, ("Everest") alleges the following:

## PARTIES

1. 9277 is a New York limited liability company with its offices and principal place of business in Nassau County, New York.

2. Everest is a Delaware corporation with its principal place of business in New Jersey and is licensed to issue insurance policies in the State of New York.

## THE INCIDENT AND UNDERLYING LAWSUIT

3. 9277 owns the commercial building located at 92-77 Queens Blvd, Rego Park, New York.

4. 9277 leases all of that building's spaces/units to independent and unconnected entities such as Starbucks Coffee (based in Washington State), Retro Fitness (based in New Jersey) and others.

5. On or about August 31, 2016, IMPARK QB LLC a/k/a REEF PARKING ("REEF") entered into an agreement with 9277 to lease the parking garage located inside 92-77 Queens Blvd.,

Rego Park, New York).

6. On or about September 1, 2021, Carlos Gimenez ("Gimenez") purportedly parked three motor vehicles[1] with REEF at 9277 Queens Blvd Rego Park, New York.

7. Gimenez claims that on or about September 1, 2021, all three vehicles were damaged/destroyed by flooding caused by rain while parked with and inside the REEF facility.

8. On or about September 1, 2021, 92-77 Queens Blvd and the surrounding areas suffered from an unpredicted, unprecedented and devasting rainfall in terms of time and scope, with the immediate area receiving in excess of 7 inches of rainfall in two hours.

9. The extreme and unprecedent nature of the event can only be termed as an "Act of God".

10. The unpredictability, speed and force of the event was such that a number of people in the immediate area were trapped in basements or lower floors of their buildings, unable to escape the torrents of water they tragically perished.

11. On April 1, 2022 Gimenez filed an action against 9277QB LLC in New York State Supreme Court for Queens County (Index # 707138/2022) claiming for the purported loss of his vehicles.

12. 9277QB LLC was served with the action c/o the New York Sectary of State and 9277QB LLC received the complaint in early July 2022.

13. Interestingly, IMPARK QB LLC a/k/a REEF PARKING was not a Defendant to the initial action.

## RELEVANT CONTRACT

14. By way of a lease entered into and dated August 31, 2016, REEF had leased from

---

[1] Those vehicles allegedly included: 2000 Ford Fl50 Lightning, VIN # 2FTZF0730YCA53002; 1971 Chevrolet CIO, VIN # CE131J641311; and 2003 Fl50 Harley Davidson Edition, VIN # 1FTRW07383KD21587

9277QB LLC the parking garage located inside the building located 92-77 Queens Blvd, Rego Park, New York.

15. That lease agreement required REEF to defend, indemnify and hold 9277 harmless from any claims/suits arising of any kind, arising from REEF's use of the premises.

16. The lease agreement required REEF to procure primary liability insurance 9277QB LLC, as an additional insured on a primary and non-contributory basis in the amount of $1 million per occurrence, $2 million in the aggregate.

17. The lease agreement further required REEF to procure umbrella insurance naming 9277QB LLC as additional insureds, on a primary and non-contributory basis in the amount of $5 million per occurrence and in the aggregate.

### THE INSURANCE POLICIES, TENDER AND DENIAL

18. Upon information and belief, Everest issued policies of insurance naming 9277QB LLC as named insureds, policy RM1GL00021-201, effective September 29, 2020 to September 29, 2021; policy RM1CA00018-201 (AOS), effective September 29, 2020 to September 29, 2021; policy RM1CA00020-201 (MA) effective September 29, 2020 to September 29, 2021; policy XC5EX01124-202 effective September 29, 2020 to September 29, 2021 ("Everest Policies").

19. Upon information and belief each Everest policy of insurance was in full force and effect when the purport damage to the Gimenez vehicles is alleged to have occurred.

20. The Everest policies provides insurance coverage to 9277QB LLC for the purported Gimenez damage and the Gimenez claim and state supreme Court action.

21. 9277QB LLC tendered multiple requests to Everest requesting that Everest provide additional insured coverage to and defend and indemnify 9277QB LLC against the Gimenez claim and in the Gimenez state supreme court action.

22. 9277QB LLC has never actually received a response from Everest, instead the tender was directed to one of their components, Sedgewick.

23. Sedgewick in turn directed 9277 to contact "their counsel" (Matthew H. Herlihy, Esq) who finally replied, *not for Everest*, *not for Sedgwick*, but as counsel to "Impark QB LLC".

24. In his rejection of the tender to Everest, Mr. Herlihy never once referenced, let alone cited, Everest or any of the policies of insurance issued by them.

22. The denial of coverage issued by Everest did not quote any policy provisions.

23. The denial of coverage issued by Everest did not specify whether the Everest Policies contained any additional insured endorsements.

24. Upon information and belief, 9277QB LLC has complied with all the terms of the Everest Policy.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "24" as if each were set forth herein at length.

26. 9277QB LLC is an additional insured on the Everest Policies for the purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

27. Everest's denial of coverage to 9277QB LLC was improper and wrong.

28. The Everest Policy provides additional insured coverage on a primary and non-contributory basis to 9277 QB LLC for the purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

29. 9277QB LLC has and will suffer damage from Everest's denial of coverage as REEF and in turn Everest are obligated to defend and indemnify 9277QB LLC on a primary basis.

30. Everest wrongfully failed and refused to defend and indemnify 9277QB LLC for the

purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

31. Everest is obligated to defend and indemnify 9277QB LLC for the purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

32. Plaintiff, therefore, respectfully requests that this Court render a declaratory judgment pursuant to NY CPLR §3001 declaring that Everest must defend and indemnify 9277QB LLC on a primary and non-contributory basis in connection with the purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "32" as if each were set forth herein at length.

34. Everest's refusal to defend, indemnify and provide additional insured coverage to 9277QB LLC is a breach of the Everest policy.

35. Everest's failure to provide primary, non-contributory additional insured coverage to 9277QB LLC is a breach of the Everest Policy.

36. By virtue of the aforesaid breach and Everest's refusal to defend, indemnify and provide coverage to 9277QB LLC; 9277QB LLC has been forced to defend itself. It has and will continue to incur counsel and other fees defending itself against the purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

37. By virtue of the aforesaid breach and Everest's refusal to defend, indemnify and provide coverage to 9277QB LLC, is exposed to potential costs, payments and/or indemnification obligations with regard to the purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

38. 9277QB LLC is entitled to equitable contribution and/or indemnification from Everest.

39. By virtue of the above, therefore, 9277QB LLC is entitled to reimbursement from Everest for all amounts expended or to be expended defending itself as against the purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

40. By virtue of the above, therefore, 9277QB LLC is entitled to money damages from Everest for all amounts expended or to be expended defending itself as well as for any other costs, payments and incurred with regard to the purported Gimenez damage and claim as well as against the Gimenez state supreme court action.

**WHEREFORE**, Plaintiff demands judgment on each of its causes of action, including for a declaratory judgment and money damages in an amount representing the cost of defense with regard to the purported Gimenez damage and claim as well as for the Gimenez state supreme court action, and for such other and further relief as this Court may deem just and proper.

Dated: Commack, New York
      September 07, 2022

_____
John N. Cuomo
*Attorney for 9277QB LLC*
11 Fern Drive
Commack, New York 11725
631-403-0515

## VERIFICATION:

STATE OF NEW YORK )
) ss:
COUNTY OF NASSAU )

MICHAEL DESOUSA, being duly sworn, says:

I am a Member of **9277QB LLC,** one of the parties to this action.

I have read the annexed Verified Complaint, and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

Dated:  Seaford, New York
        September 7, 2022

JENNY E. GRAHAM
Notary Public, State of New York
No. 02GR4887074
Qualified in Kings County
Commission Expires March 9, 2025

9/7/22

9277QB LLC
By: Michael DeSousa

TO:

Everest National Insurance Company
Warren Corporate Center
100 Everest Way
Warren, NJ 07059

Everest National Insurance Company c/o Department of Financial Services
Office of General Counsel
One State Street
New York, NY 10004